## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,               )
                                        )
            Plaintiff,                  )
                                        )
    vs.                                 )        No. 93-CR-40060-JPG
                                        )
WILLIAM RONALD LANGLEY,                 )
                                        )
            Defendant.                  )

### MEMORANDUM AND ORDER

This matter comes before the Court on defendant William Ronald Langley's motion for clarification of the restitution order contained in the Judgment and Commitment in this case (Doc. 46). The government responded to the motion (Doc. 47), and Langley replied to that response (Doc. 51). The Court held a hearing on the motion on September 10, 2007, and determined that it had no jurisdiction to decide the pending motion.

In 1993, Langley pled guilty to one count of making a false statement as an officer of an air carrier. The Court sentenced him in March 1994 in a Judgment and Commitment that included restitution in the amount of $199,646 payable to the United States Department of Transportation. The Court ordered Langley to pay the restitution in installments but delegated the details of the payment timing and amounts to the Probation Office. Such delegation has since been held impermissible, *see United States v. Yahne*, 64 F.3d 1091, 1097 (7th Cir. 1995); *United States v. Murphy*, 28 F.3d 38, 39-42 (7th Cir. 1994);  *United States v. Ahmad*, 2 F.3d 245, 248-49 (7th Cir. 1993), but Langley did not challenge it at the time.

Langley served his time in prison and was released on March 16, 1995. After he was released from prison, the Probation Office established that he should pay $25 per month toward his restitution obligation. In January 1998, Langley successfully completed his term of supervised release. However, by that time, he had made relatively little progress toward paying the restitution ordered in March 1994.

Langley filed the current motion asking the Court to "clarify" that he no longer owes restitution. He bases his argument on federal law that existed at the time of his sentencing

providing that the Court could not order restitution installments to extend more than five years after a defendant's release from prison.[1]  He believes this statutory provision nullifies any obligation to pay restitution five years beyond his release from prison.

Langley's counsel admitted at the hearing that Langley is seeking an advisory opinion about his continuing obligation, if any, to pay restitution.  The Court is unable to render such an advisory opinion in the absence of a case or controversy properly before the Court.  *See, e.g., United States v. Russell*, 340 F.3d 450, 458 (7th Cir. 2003) (citing *United States Nat'l Bank of Or. v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) ("The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy, and a federal court [lacks] the power to render advisory opinions.") (quotations and citations omitted)). The Court's Judgment and Commitment of Langley is clear (although in retrospect improper) and does not require clarification.  Langley's sentencing is long past, and he has not cited any authority for the Court to revisit it.  The cases Langley cites in support of his position were decided on direct appeal either of an order denying Rule 35 relief (when that rule allowed a defendant to make a motion to reduce his sentence), *see United States v. House*, 808 F.2d 508 (7th Cir. 1986), or of a criminal conviction itself,  *see United States v. Johnson-Wilder*, 29 F.3d 1100 (7th Cir. 1994);  *United States v. Ahmad*, 2 F.3d 245 (7th Cir. 1993).  Langley's case involves neither situation.  The proper way for Langley to raise this issue is as a defense to some government collection action presenting a case or controversy, but such an action is not before

---

[1]The relevant statute specifically provided:

> **(f)** **(1)** The court may require that such defendant make restitution under this section within a specified period or in specified installments.
> **(2)** The end of such period or the last such installment shall not be later than--
>> **(A)** the end of the period of probation, if probation is ordered;
>> **(B)** five years after the end of the term of imprisonment imposed, if the court does not order probation; and
>> **(C)** five years after the date of sentencing in any other case.
> **(3)** If not otherwise provided by the court under this subsection, restitution shall be made immediately.

18 U.S.C. § 3663 (1994).

the Court at this time.  For the foregoing reasons, the Court **DISMISSES** Langley's motion

(Doc. 46) for **lack of jurisdiction**.

**IT IS SO ORDERED.**
**Date:  September 11, 2007**

s/ J. Phil Gilbert_____
**U.S. District Judge J. Phil Gilbert**